

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

PAUL HARRIS,

     Plaintiff,

v.

MARY GRENIER, in her official
and personal capacities,

     Defendant.

_____/

Case: 2:20-cv-10065
Judge: Berg, Terrence G.
MJ: Morris, Patricia T.
Filed: 01-10-2020 At 02:18 PM
PRIS HARRIS VS GRENIER (DP)

*****JURY TRIAL DEMAND*****

## VERIFIED CIVIL RIGHTS COMPLAINT PURSUANT TO
## TITLE 42, U.S.C. § 1983

There is no other civil action between the parties arising out of the same transactions or occurrences alleged in this Complaint.

COMES NOW plaintiff Paul Harris ("Plaintiff"), pursuant to Title 42, U.S.C. § 1983, seeking redress of the violations of his federal constitutional rights by the above-named defendant, and in support therefor states:

### I. Verification

Plaintiff hereby states and deposes under oath and the penalty of perjury pursuant to Title 28, U.S.C. § 1746(2) that he is of sound mind and majority age, that the allegations forming the basis of this Complaint are true and correct based upon his direct and personal knowledge and involvement in the matters attested to herein, and that he is competent to testify to same;

-1-

## II. Certification

2.   Plaintiff hereby certifies pursuant to Fed.R.Civ.P. 11 that, to the best of his knowledge, information, and belief, this Complaint is not being interposed for any improper purpose, including, but not limited to, harassment of the defendant, that the relief sought is supported by existing federal law, that the factual allegations of this Complaint have sufficient evidentiary support, and that this Complaint complies with the requirements of Rule 11;

### III. Number of previously-filed civil actions

3.   Plaintiff has heretofore filed ZERO civil actions;

### IV. Jurisdiction and Venue

4.   The United States District Court for the Eastern District of Michigan is vested with subject-matter jurisdiction over this Complaint pursuant to Title 28, U.S.C. §§ 1331 and 1367;

5.   Pursuant to E.D. Mich. LR 83.10(a)(1) and E.D. Mich. LR 83.10(b)(3) & (4), the proper venue for this action is the Southern Division of the Eastern District of Michigan;

### V. Short and Plain Statement of the claims

6.   Pursuant to Fed.R.Civ.P. 8(a), the Short and Plain Statement of the claims urged in this Complaint is, as follows:

> By her failure to act despite knowledge of the substantial risk of serious harm to Plaintiff, defendant Mary Grenier was deliberately indifferent to Plaintiff's serious medical needs within the meaning of the Eighth Amendment.

-2-

## VI. <u>Demand for the Relief Sought</u>

7.  Plaintiff hereby seeks compensatory and punitive damages for the violations of his Eighth Amendment rights as alleged herein, as well as injunctive relief;

## VII. <u>Statement of Facts</u>

8.  The relevant facts appertaining to this action are, as follows:

    a.  As a result of a severe automobile accident in the late 1990's, Plaintiff underwent a bilateral total knee replacement procedure;

    b.  The events forming the basis of this Complaint took place while Plaintiff was situated as state prisoner and housed at the Gus Harrison Correctional Facility ("ARF"), located at 2727 East Beecher Street, Adrian, Michigan 49221-3506;

    c.  Defendant Mary Greiner, a medical doctor, was Plaintiff's medical provider during all times relevant to the herein allegations;

    d.  During an appointment with Defendant Greiner on July 3, 2019, Plaintiff informed her that he was suffering severe pain in his arms, shoulders, and knees, and that the pain medication prescribed to him was not effective in alleviating the pain;

    e.  During the above-described medical appointment, Plaintiff also addressed his need for knee braces;

    f.  Instead of prescribing Plaintiff a medication that would effectively treat his pain, Defendant Greiner abruptly canceled Plaintiff's pain medications, and huffily told him that he should purchase over-the-counter medications from the prison commissary;

    g.  With respect to the knee brace issue, Defendant Greiner told Plaintiff that he should purchase them from one of the approved vendors;

    h.  Defendant Greiner abjectly failed to provide Plaintiff with any treatment for the above-described conditions and the resultant severe pain;

-3-

      i.  From  July  2019  until  December  2019,  Plaintiff languished  in  severe  pain  and  was  not  provided  any treatment for the above-described conditions;

## VIII. <u>Exhaustion of administrative remedies</u>

9.  Plaintiff is aware that failure to exhaust administrative remedies is an affirmative defense that the defendant has the burden of proving, but in light of the fact that the prison has alleged that Plaintiff failed to file a timely Step III appeal, Plaintiff includes the following facts:

      a.  On July 6, 2019, Plaintiff filed Step I grievance ARF-19-07-1658-12D;

      b.  On August 2, 2019, Plaintiff's grievance was denied on the merits at Step I;

      c.  On August 12, 2019, Plaintiff filed a Step II appeal;

      d.  On August 23, 2019, the Step II appeal was denied, but was not returned to Plaintiff until Monday, September 3, 2019;

      e.  The Step II response was actually delivered to Plaintiff with the passing out of the institutional mail after the close of business day on Friday, September 6, 2019;

      f.  Pursuant to P.D. 03.02.130(HH), a Step III appeal must be filed "within ten business days after <u>receiving the Step II response</u>[.]";

      g.  Since Plaintiff received the Step II response on September 6, 2019, the Step III appeal was due on Friday, September 20, 2019;

      h.  The Step III appeal is date-stamped as received on Monday, September 23, 2019;

      i.  The Step III respondent stated that there is "a grace period for standard mail" with respect to the filing of Step III appeal;

      j.  Given the fact that Plaintiff did not receive the Step II response until September 6, 2019 and the fact that the Step III response was received on September 23, 2019, it is clear that Plaintiff transmitted the Step III appeal well before the actual

-4-

due date of September 20, 2019, and therefore his
Step III appeal was timely-filed;

As an additional wrinkle to the above, on April 18, 2019, the

Business Office at ARF sent the following notice to all prisoners

at ARF via JPay:

> Due to circumstances beyond facility control at ARF,
> the United States Postal Service has been and
> continuing [sic] to deliver (including but not limited
> to) opened, torn, damaged, <u>improper arrival or</u>
> <u>mail</u>...etc. Mail issue are pertaining to all regular
> and legal mail items at this time.

*       *       *

> This on-going [sic] issue is being addressed with
> the local postmaster.

A later notice indicated that ongoing mail was likewise being

affected;

10. In light of the above, this court should find and adjudge

that Plaintiff filed a timely Step III appeal and that he has

sufficiently exhausted all available administrative remedies with

respect to ARF-19-07-1658-12D;

IX. <u>Causes of Action</u>

11. For purposes of an Eighth Amendment medical needs claim,

deliberate indifference can be shown by a prison doctor's response

to a prisoner's medical needs, and it is enough that the doctor

failed to act despite her knowledge of a substantial risk of serious

harm;

12. As a direct result of Defendant Greiner's unconstitutional

conduct, Plaintiff was left bereft of any treatment for his

underlying condition and the severe pain brought on by such for

five calendar months;

-5-

## X. Count I-Violation of the Eighth Amendment

13.   Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

14.   The basic concept underlying the Eighth Amendment is nothing less than the dignity of mankind;

15.   As a prisoner, Plaintiff is entitled to receive adequate medical care from his custodians for his serious medical conditions;

16.   As a prisoner, Plaintiff retains the right to not be subjected to unnecessary pain and suffering;

17.   As Plaintiff's medical provider, Defendant Greiner knew or should have known from an examination of Plaintiff and review of his documented medical history that he suffers from a serious medical condition;

18.   As Plaintiff's medical provider, Defendant Greiner knew or should have known that Plaintiff's severe pain was not going to be alleviated by the use of over-the-counter medications purchased from the prison commissary;

19.   As Plaintiff's medical provider, Defendant Greiner knew or should have known that she had a duty as a physician to provide pain treatment to Plaintiff;

20.   Defendant Greiner knew or should have known that prisoners are not permitted to purchase knee braces from any outside vendor;

21.   Defendant Greiner knew or should have known that directing Plaintiff to a mode of treatment that was unavailable to him and thereafter allowing him to languish in treatable pain for five months constitutes deliberate indifference and the wanton infliction of unnecessary pain;

-6-

22.   Accordingly,   Plaintiff   hereby   asserts   a   claim   against

Defendant Greiner under the Eighth Amendment;

## XI. Relief Requested

WHEREFORE, plaintiff Paul Harris seeks relief in the following

forms:

> a.  A monetary judgment in the amount of ONE HUNDRED
> AND FIFTY THOUSAND DOLLARS for Count I as compensatory
> damages;
>
> b.  A monetary judgment in the amount of ONE HUNDRED
> AND FIFTY THOUSAND DOLLARS for Count I as punitive
> damages;
>
> c.  Injunctive relief in the form of enjoining
> Defendant Greiner to ensure that Plaintiff receives
> the treatment necessary for his condition and adequate
> treatment for his severe pain;
>
> d.  Award of all costs associated with the prosecution
> of this action.

Very respectfully submitted,

Paul Harris, #330310
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, Michigan 49221-3506

MIS #330310
ison Correctional Facility
St Beecher
Michigan 49221-3506

United States District Court

231 West LaFayette Boulev...

Detroit Michigan 48226

(New Case)

RECEIVED
JAN 10 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. 20-10065 | Judge: Terrence G. Berg | Magistrate Judge: Patricia T. Morris |

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| PAUL HARRIS | MARY GRENIER |

| Inmate Number: 330310 | Additional Information: |
|---|---|

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221
LENAWEE COUNTY

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☐ PD Paid

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?
   - ☐ Yes        ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes        ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____