UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PAUL HARRIS**, <br><br> Plaintiff, <br><br> vs. <br><br> **MARY GRENIER**, <br><br> Defendant. | 2:20-CV-10065-TGB <br><br> **OPINION AND ORDER OF SUMMARY DISMISSAL** |

## I. Introduction

Paul Harris, who is presently confined at the Gus Harrison Correctional Facility, located in Adrian, Michigan, has filed a pro se civil rights complaint. The complaint names physician Mary Grenier as Defendant. Plaintiff claims that Grenier violated his Eighth Amendment rights by failing to provide him with adequate pain medication for his knee condition. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for plaintiff's failure to state a claim.

1

## II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

## III. Discussion

Plaintiff's complaint alleges that sometime in the 1990's, after an automobile accident, he underwent bilateral knee replacement. Much later, while in custody, Plaintiff states that when he was being seen by

Greiner on July 3, 2019, he informed her that he was suffering from severe pain in his arms, shoulders, and knees. Plaintiff states that he told Greiner that his current pain medication was not effective in alleviating the pain. Plaintiff also requested knee braces.

Plaintiff alleges "[i]nstead of prescribing plaintiff a medication that would effectively treat his pain, [D]efendant Greiner abruptly canceled Plaintiff's pain medication, and huffily told him that he should purchase over-the-counter medications from the prison commissary." ECF No. 1, at 3, ¶ f. Plaintiff further alleges that he was told to purchase a knee brace from an approved vender. Plaintiff claims that from July 2019 to December 2019 he languished in severe pain. Plaintiff seeks $300,000 in compensatory and punitive damages as well as an order compelling Greiner to provide him with adequate medical treatment.

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); see also *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff's complaint fails to state an Eighth Amendment deliberate indifference claim. He claims that Defendant's action of directing him to treat his pain with over-the-counter medications and to purchase knee braces was insufficient to remedy his pain, an allegation that boils down to a disagreement with her treatment decisions. Such an allegation, at most, suggests Defendant was negligent in the manner she treated plaintiff's ailments. For example, paragraphs 17 through 21 of the Complaint each allege that "Defendant Greiner knew or should have

4

known" that Plaintiff suffered from a serious condition, that his pain could not be treated by over-the-counter drugs, that she had a duty to provide pain treatment, and that she should not have recommended getting braces from an approved vendor and should have known Plaintiff would not be able to get braces from an outside vendor. ECF No. 1, PageID.6. These claims allege that Dr. Greiner's decisions not to prescribe the treatments Plaintiff requested were wrong, that, in Plaintiff's view, they fell below a reasonable standard of care; they were negligent. Plaintiff does not plead facts that Defendant was deliberately indifferent to a serious medical need. A complaint that a medical provider has been negligent in treating a medical condition does not state a valid claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). An Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. See *Harrison v. Ash*, 539 F.3d 510, 522 (6th Cir. 2008).

Plaintiff's claim arises from his apparent disagreement with the type of pain medication that Defendant directed him take, and the nature of her advice regarding whether knee braces were indicated and where to get them. Plaintiff cannot establish an Eighth Amendment deliberate

5

indifference claim on that basis. See, e.g., *Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003) (affirming dismissal of deliberate indifference claim based upon failure to prescribe requested pain medication where plaintiff had been prescribed pain medications, just not the ones he requested); *Greenman v. Prisoner Health Servs.*, No. 1:10-CV-549, 2011 U.S. Dist. LEXIS 141062, 2011 WL 6130410, at *10 (W.D. Mich. Dec. 8, 2011) ("Plaintiff's preference for narcotics and his dissatisfaction with the non-narcotic pain medications prescribed by [defendant physician] falls far short of supporting an Eighth Amendment claim."). Accordingly, Plaintiff's complaint is summarily dismissed for his failure to state a claim.

## V. Order

For the foregoing reasons, Accordingly, it is **ORDERED** that the complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS SO ORDERED**.

DATED: April 30, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge