UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PAUL HARRIS**, <br><br> Plaintiff, <br><br> v. <br><br> **MARY GRENIER**, <br><br> Defendant. | 2:20-cv-10065 <br><br> **OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION WITHOUT PREJUDICE (ECF No. 8), AND GRANTING PETITIONER LEAVE TO FILE AN AMENDED COMPLAINT** |

Paul Harris, who is presently confined at the Gus Harrison Correctional Facility, located in Adrian, Michigan, filed a pro se civil rights complaint against a doctor at his facility. Plaintiff asserts that Defendant acted with deliberate indifference when she discontinued his prescription pain medication and directed him to use over-the-counter medication to treat his knee and other pain. Complaint, ECF No. 1. The Court summarily dismissed the case for Petitioner's failure to state a claim. Opinion, ECF No. 6.

Before the Court is Plaintiff's motion for reconsideration, wherein he asserts that the Court misapprehended the factual allegations in his complaint. Motion, ECF No. 8.  For the reasons stated below, the Court will **DENY** without prejudice the motion for reconsideration, and it will

**GRANT** Plaintiff leave to file an amended complaint in which he may provide further details regarding the incident with Defendant.

## II. Background

The factual allegations in Petitioner's complaint read as follows:

a. As a result of a severe automobile accident in the late 1990's, Plaintiff underwent a bilateral total knee replacement procedure;

b. The events forming the basis of this Complaint took place while Plaintiff was situated as state prisoner and housed at the Gus Harrison Correctional Facility ("ARF"), located at 2727 East Beecher Street, Adrian, Michigan 49221-3506;

c. Defendant Mary Greiner, a medical doctor, was Plaintiff's medical provider during all times relevant to the herein allegations;

d. During an appointment with Defendant Greiner on July 3, 2019, Plaintiff informed her that he was suffering severe pain in his arms, shoulders, and knees, and that the pain medication prescribed to him was not effective in alleviating the pain;

e. During the above-described medical appointment, Plaintiff also addressed his need for knee braces;

f. Instead of prescribing Plaintiff a medication that would effectively treat his pain, Defendant Greiner abruptly canceled Plaintiff's pain medications, and huffily told him that he should purchase over-the-counter medications from the prison commissary;

2

g. With respect to the knee brace issue, Defendant Greiner told Plaintiff that he should purchase them from one of the approved vendors;

h. Defendant Greiner abjectly failed to provide Plaintiff with any treatment for the above-described conditions and the resultant severe pain;

i. From July 2019 until December 2019, Plaintiff languished in severe
pain and was not provided any treatment for the above-described conditions;

Complaint; ECF No. 1, PageID.3-4.

Plaintiff further alleges:

17. As Plaintiff's medical provider, Defendant Greiner knew or should have known from an examination of Plaintiff and review of his documented medical history that he suffers from a serious medical condition;

18. As Plaintiff's medical provider, Defendant Greiner knew or should have known that Plaintiff's severe pain was not going to be alleviated by the use of over-the-counter medications purchased from the prison commissary;

19. As Plaintiff's medical provider, Defendant Greiner knew or should have known that she had a duty as a physician to provide pain treatment to Plaintiff;

20. Defendant Greiner knew or should have known that prisoners are not permitted to purchase knee braces from any outside vendor;

21. Defendant Greiner knew or should have known that directing Plaintiff to a mode of treatment that was unavailable to him and thereafter allowing him to languish in

3

treatable pain for five months constitutes deliberate indifference and the wanton infliction of unnecessary pain;

*Id.* at PageID.6.

Plaintiff's motion for reconsideration asserts that the Court misinterpreted the complaint when it summarily dismissed it for failure to state a claim. He asserts he is not alleging a mere difference in opinion as to the level of care his medical condition required. Rather, he asserts that he requested from Defendant "*any medication* that would be effective in resolving his pain. Defendant's response was to suspend all treatment of his pain." Motion, ECF No. 8, PageID.37. (emphasis in original). Plaintiff asserts that his complaint therefore sufficiently alleged that Defendant's response to his complaint was to discontinue treatment altogether for a serious medical need.

### III. Discussion

The Court must read a pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). And while a complaint need not contain detailed factual allegations, the allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

4

555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Clearly, Plaintiff makes factual allegations that Defendant did not treat his pain condition by prescribing new pain medication. But to state an Eighth Amendment claim, it is not enough for Plaintiff to assert only that he informed Defendant that his current medication was ineffective to treat his severe pain, and that Defendant decided to discontinue that medication in favor of over-the-counter medication to treat his condition.

5

To state a cognizable Eighth Amendment claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail on a claim of deliberate indifference, a plaintiff must satisfy objective and subjective components. *Farmer v. Brennen*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need, while the subject component requires that prisoner officials had "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

First, turning to the objective component, a plaintiff is required to allege facts showing that "the medical need at issue is 'sufficiently serious.'" *Richmond v. Huq*, 885 F.3d 928, 938 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 834). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The Sixth Circuit has recognized that "extreme pain due to [a] back condition" can constitute "an objectively serious medical condition."

6

*Murphy v. Grenier*, 406 F. App'x 972, 975 (6th Cir. 2011); see also *Crowell v. Abdellatif*, No. 15-13825, 2017 WL 1186388, at *4 (E.D. Mich. 2017). Yet other courts have recognized that such pain may not rise to the level of a serious medical condition. *See Sledge v. Kooi*, 564 F.3d 105 (2d Cir. 2009) (alleged back pain and other minor medical conditions did not constitute a "serious medical need" on which to premise an Eighth Amendment claim of deliberate medical indifference); *Billizone v. Jefferson Parish Corr. Ctr.*, No. 14-1263-SS, 2014 WL 7139636, at *3 (E.D. La. 2014) (concluding that the plaintiff's back pain caused by disc erosion in his lower back did not rise to the level of a serious medical need); *Veloz v. New York*, 339 F. Supp. 2d 505, 522-26 (S.D.N.Y. 2004) (concluding that the plaintiff's back pain and mild to moderate degenerative arthritis of the spinal vertebrae did not constitute a serious medical condition).

    The Court does not doubt that arm, shoulder, and knee pain, just as back pain, *may* constitute a serious medical condition. But the Court cannot ascertain based on the sparse allegations in Plaintiff's complaint whether his condition rises to that level. The complaint suggests that the pain originated from knee replacement surgery, but that procedure

7

occurred perhaps as many as thirty years ago. Plaintiff characterizes the pain as "severe," but he makes no effort to describe, for example, whether or the extent to which it hampers his ability to perform ordinary daily activities. Nor does the complaint allege any facts regarding the strength or character of his prior pain medications or pain treatment, the duration of the prior treatment, whether recurring complications resulted from the surgery, or any other facts from which the Court might infer the severity of his medical condition.

Turning to the subjective component, a plaintiff must allege facts indicating that the defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that [s]he did in fact draw the inference, and that [s]he then disregarded that risk" by failing to take reasonable measures to abate it. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). A plaintiff need not show that the defendant acted with the very purpose of causing harm, but most show something greater than negligence or malpractice. *Farmer*, 511 U.S. at 835.

With respect to the treatment of chronic pain, the Sixth Circuit considered the difficult choices faced by prison medical providers:

> [T]he treatment of chronically suffering prisoners with narcotic medication does not fit neatly into our general Eighth Amendment test. Instead of weighing a single alleged risk of harm, against which the adequacy of official action can be judged, a reviewing court is asked to pass judgment on the attempts by prison medical staff to navigate between the Scylla of debilitating pain and the Charybdis of addiction to prescription drugs.
>
> There are occasions when an official has a subjective, good-faith belief that a particular response to a prisoner's substantial risk of serious harm might either 1) fail to mitigate the risk or 2) create or enable a different substantial risk of serious harm to the prisoner. In those situations, an official's decision not to authorize that particular response cannot be considered an act of deliberate indifference, and we are mindful of the possibility that a reasonable response to a risk may not be able to avert the ultimate harm. *See Farmer*, 511 U.S. at 844. These scenarios most commonly occur within the context of medical treatment, which is why both the Supreme Court and this court have rejected Eighth Amendment claims that second-guess the medical judgments of medical personnel. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Graham [ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)].
>
> In a series of recent unpublished decisions, this court has rejected a number of claims similar to those in Baker's complaint. In *Brock v. Crall*, 8 F. App'x. 439, 441 (6th Cir. 2001), we ruled that an Eighth Amendment complaint failed to state a proper claim for relief where the primary allegation was that two doctors failed to diagnose and treat a lower back ailment. In *Moses v. Coble*, 23 F. App'x. 391, 392 (6th Cir. 2001), where a prisoner alleged that he suffered pain from his serious back problems due to defendants' refusal to provide anything beyond over-the-counter pain medication, we affirmed the dismissal of the complaint as "clearly frivolous."

9

*Baker v. Stevenson*, 605 F. App'x 514, 519 (6th Cir. 2015).

Here, the complaint asserts only that after Plaintiff complained about the ineffectiveness of his pain medication, "instead of prescribing Plaintiff a medication that would effectively treat his pain," Defendant directed him to use over-the-counter medication. Complaint, ECF No. 1, PageID.3. There is a lot missing from Plaintiff's account of the appointment. Plaintiff certainly asserts what Defendant did *not* do (prescribe him stronger pain medication), but he says nothing at all about what she did do during the appointment. For instance, Plaintiff does not assert whether Defendant examined his knee, took his medical history, reviewed his pain medication history, or reviewed prior medical records related to Plaintiff's condition. The absence of facts makes it difficult for the Court to determine whether Plaintiff can satisfy the subjective component of a deliberate indifference claim.

Certainly, the denial of a prescription medication can form the basis of a finding of deliberate indifference. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (prison nurse refused to give prisoner his prescribed pain medication and a prisoner who suffers pain needlessly when relief is readily available has a cause of action for deliberate

10

indifference). But the conclusory allegations in the complaint regarding what happened at the appointment leave it as an open question whether Defendant's refusal to prescribe a different pain medication amounted to an outright failure to treat, or whether it was the result of a disagreement on the level of treatment that was medically warranted. *See Taylor v. First Med. Mgmt.*, No. 18-5282, 2019 WL 1313828, at *2-3 (6th Cir. 2019) (finding that plaintiff's "conclusory allegations" that two doctors "violated his Eighth Amendment rights when they 'fail[ed] to provide [him] with pain medication and antibiotics and intentionally interfered with [his] pain medication once pr[e]scribed,'" "are insufficient to state a claim for relief") (citing *Iqbal*, 556 U.S. at 678).

## IV. Conclusion

Rather than summarily dismissing a complaint in its entirety for the failure to state a claim, a district court has discretion to allow a plaintiff to amend his complaint to avoid dismissal under the Prisoner Litigation Reform Act. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). Though the Court continues to believe that the complaint does not presently contain sufficient factual allegations to state a claim against Defendant, the

11

allegations made in the complaint when taken together with the allegations made in the motion for reconsideration suggest that Plaintiff may plausibly state a claim for relief if he provides the Court with more information about his history of chronic pain, his current medical condition, his prior prescription for his pain, his ability to acquire over-the-counter medication for his pain, and his appointment with Defendant. Thus, the Court **DENIES** the motion for reconsideration without prejudice, and it **GRANTS** Plaintiff leave to file an amended complaint within thirty days of this order.

**IT IS SO ORDERED.**

Dated: March 3, 2021            s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE