

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

PAUL HARRIS,

    Plaintiff,

v.

                              Case No. 2:20-CV-10065
                              Honorable Terrence G. Berg
                              United States District Court Judge

MARY GREINER, in her official
and personal capacities,

    Defendant.

_____/

## FIRST AMENDED VERIFIED CIVIL RIGHTS COMPLAINT PURSUANT TO TITLE 42, U.S.C. § 1983

    There is no other civil action between the parties that arises out of the same transactions or occurrences as those alleged in this Complaint.

    COMES NOW plaintiff Paul Harris ("Plaintiff"), pursuant to Title 42, U.S.C. § 1983, seeking redress for the violations of this federal constitutional rights by the above-named defendant, and in support therefor states and depose under oath and penalty of perjury pursuant to Title 28 U.S.C. § 1746(2), to wit:

    1. Plaintiff is of sound mind and majority age, and that the allegations forming the basis of this Complaint are true and correct based upon Plaintiff's direct and personal knowledge and involvement in the matters attested to herein, and Plaintiff is competent to testify to same;

## II. Certification

    2. Plaintiff hereby certifies pursuant to Fed.R.Civ.P. 11 that this Complaint is not being interposed for any improper

-1-

purpose, that the relief sought is supported by existing federal law, that the herein allegations have sufficient evidentiary support, and that this Complaint complies with the requirements of Rule 11;

### III. Number of previously-filed civil actions

3. Plaintiff has previously filed ZERO civil actions;

### IV. Jurisdiction and Venue

4. The United States District Court for the Eastern District of Michigan is vested with subject-matter jurisdiction over this matter pursuant to Title 28, U.S.C. §§ 1331 & 1367;

5. The United States District Court for the Eastern District of Michigan is the proper venue for this action pursuant to E.D. Mich. LR 83.10(a)(10) and E.D. Mich. LR 83.10(b)(3) & (4);

### V. Short and Plain Statement of the Claims

6. As required by Fed.R.Civ.P. 8(a), the Short and Plain Statement of the claims urged in this Complaint is as follows:

> Defendant was deliberately indifferent to Plaintiff's serious medical condition under the Eighth Amendment when she terminated all courses of treatment/management of Plaintiff's chronic pain and thereafter directed him to engage in the futile pursuit of purchasing his own pain medications and medically-assistive devices thereby causing Plaintiff needlessly suffering excruciating pain.

### VII. Statement of Facts

8. The operative facts of this civil action are, as follows:

> a. In the aftermath of a severe automobile accident in the late 1990s, Plaintiff underwent bilateral total knee replacement;
>
> b. At all times relevant to this Complaint, Plaintiff, a state prisoner, was confined at the Gus Harrison Correctional Facility ("ARF") located in Adrian, Michigan;

-2-

c. At all times relevant to this Complaint, defendant Mary Greiner ("Defendant"), was a medical doctor employed by Corizon Health, Inc., the health management organization under contract with the State of Michigan to provide medical care for Michigan prisoners;

d. During a medical appointment with Defendant on July 3, 2019, Plaintiff informed her that he was suffering severe pain in his arms, shoulders, and knees, that the pain medication that had been prescribed to him for the preceding three years, i.e., Naprosyn, 500 mg tablets (under the generic brand name, "Naproxen"), was no longer effective in alleviating his pain;

e. Prior to the time that Plaintiff was prescribed Naprosyn, he had been prescribed the drug Altram, however, his medical provider switched him to Naprosyn;

f. During the above-described medical appointment, Plaintiff also discussed with Defendant his need for knee braces, a medical assistive device for which he had been approved for;

g. Rather than adjust or substitute Plaintiff's prescribed pain medication, Defendant became indignant toward him and told him that she was terminating his pain medication altogether, that he would have to resort to over-the-counter medications available through the prison commissary, and that he would have to purchase his knee braces through an "approved vendor";

h. Defendant thereafter failed to provide Plaintiff with any further treatment for his excruciating pain and did not recommend him to the "Pain Management Committee" for a further assessment of treatment/management for his chronic pain;

i. Plaintiff languished in severe pain from July 2019 until December 2019, when a different medical provider prescribed him Diclofenac Sodium in 50 mg tablets for his chronic pain;

j. On January 26, 2021, Plaintiff submitted a Health Care request wherein he complained that the Diclofenac Sodium medication "is not longer helping" his pain;

-3-

k. On January 27, 2021, registered nurse Mary Velarde responded to Plaintiff's request by directing him to "[p]urchase alternative meds from the prisoner store.";

## VIII. Causes of Action

9. A prisoner who needlessly suffers pain when relief is readily available has a cause of action against the responsible medical doctor under the Eighth Amendment;

10. An Eighth Amendment medical needs claim can be established by a showing that a doctor failed to adjust or substitute pain medication or where the doctor abandons a patient by discontinuing all course of pain treatment/management;

11. The needless suffering of pain is sufficient to constitute cruel and unusual punishment for purposes of the Eighth Amendment;

12. Defendant acted with a sufficiently culpable mind by disregarding Plaintiff's serious medical condition and terminating all treatment of his chronic pain;

## IX. Count I--Violation of the Eighth Amendment

13. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs;

14. As a prisoner, Plaintiff retains the essence of human dignity that is inherent in all persons, and respect for that dignity animates the prohibition against the wanton and unnecessary infliction of pain by a prison medical provider under the Cruel and Unusual Punishment Clause of the Eighth Amendment;

15. As Plaintiff's medical provider, Defendant knew that he was suffering from severe and intractable pain;

16. As Plaintiff's medical provider, Defendant had a duty to provide him with adequate treatment for his chronic pain;

-4-

17. As Plaintiff's medical provider, Defendant knew that the types of over-the-counter medications available to Plaintiff through the prison commissary, i.e., Aspirin, 325 mg, Tylenol, 325 mg, Ibuprofen, and Naproxen 200 mg, would not suffice as a palliative for Plaintiff's chronic pain;

18. As Plaintiff's medical provider, Defendant knew that MDOC policy prohibited Plaintiff from purchasing knee braces from any vendor;

19. As a medical doctor, Defendant knew that a failure to adjust Plaintiff's pain medication and abandoning all forms of pain treatment/management would result in Plaintiff's continuing suffering chronic pain;

20. As a medical doctor, Defendant knew that directing Plaintiff to purchase his own medically-necessary assistive devices, i.e., knee braces from an outside vendor would be a futile endeavor and would cause him to continue to suffer unnecessary pain;

21. Accordingly, Plaintiff hereby asserts a claim against Defendant under the Eighth Amendment;

## X. Relief Requested

WHEREFORE, plaintiff Paul Harris seek the following forms of relief:

>    a. A monetary judgment in the amount of $150,000.00 for Count I as compensatory damages;

>    b. A monetary judgment in the amount of $150,000.00 for Count I as punitive damages;

>    c. Injunctive relief in the form of Defendant being enjoined to ensure that Plaintiff received adequate treatment for his pain and its underlying etiologies, and;

>    d. Award of all costs incurred with the prosecution of this action.

Respectfully submitted,

Paul Harris, #330310
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, Michigan 49221-3506

Paul Harris #330310
Gus Harrison Correctional Facility
2727 E. Beecher St.
Adrian, MI. 49221

US POSTAGE PITNEY BOWES

ZIP 49221 $ 001.80°
02 4W
0000355312 MAR 16 2021

R E C E I V E D

MAR 29 2021

CLERKS OFFICE
U.S. DISTRICT COURT

U.S. MARSHAL

Office of the Clerk
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
Theodore Levin U.S. Courthouse
231 W. Lafayette Room 564
Detroit, Mich. 48226

Metroplex MI 480 ZIP
WED 17 MAR 2021 PM