UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL HARRIS,

    *Plaintiff,*

v.

MARY GREINER,

    *Defendant.*

_____/

Case No. 2:20-cv-10065
District Judge Terrence G. Berg
Magistrate Judge Patricia T. Morris

## ORDER ON MOTION FOR WITHDRAWAL OF ATTORNEY AND FOR 120 DAY STAY

Paul Harris brought this prisoner civil rights action against Mary Greiner who is an employee of Corizon Health—a healthcare provider formerly contracted by the MDOC. (ECF No. 10, PageID.54). Counsel for Greiner moved to withdraw as her attorney, fearing that a recent bankruptcy petition filed by Corizon, who has agreed to indemnify Greiner, may present a conflict of interest. (ECF No. 23). Should the Court allow Counsel to withdraw, Counsel further requests a 120 day stay of the proceedings so that Greiner may find new representation. (*See id.*)

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Even so, the Court must "tread carefully in granting a stay of proceedings," as the nonmoving "party has a

1

right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. United States Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). So in considering whether to grant a motion to stay proceedings, courts not only consider the interests of the moving party and the Court's own interests in judicial economy, but also the prejudice to the nonmoving party. *AES-Apex Emp'r Servs., Inc. v. Rotondo*, No. 13-CV-14519, 2015 WL 12990376, at *1 (E.D. Mich. July 24, 2015); *see also Ohio Envt'l Council*, 565 F.2d at 396.

But despite the prejudicial impact a 120 day stay could have on Harris, Counsel for Greiner does not appear to have notified Harris of his motion. In its "proof of service," Counsel certified that he uploaded the motion to the Court's electronic filing system and that he "mailed" a copy of the motion "to the involved nonparticipants." (ECF No. 23, PageID.92). But Harris is incarcerated and therefore unable to access the electronic filing system. Moreover, the undersigned is frankly unsure what an "involved nonparticipant" is, but the term does not appear to refer to Harris. (*Id.*) At bottom, Harris has an interest in litigating his claims "without undue delay," and he is in the best position to inform the Court of the prejudicial impact of a potential stay. *Ohio Envt'l Council*, 565 F.2d at 396. The undersigned will not grant a motion for 120 day stay to which the opposing party is not privy. (*Cf. Coleman v. Corizon*, No. 4:21-cv-13061, ECF No. 55).

Accordingly, Counsel's motion for withdrawal and a stay of proceedings is **DENIED WITHOUT PREJUDICE**. Counsel may renew this motion if it serves a copy of the motion on all parties.

**SO ORDERED.**

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: March 15, 2023

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge